IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America | ) |
| | ) Cr. No. 8:07-1107-HMH |
| vs. | ) |
| | ) **OPINION & ORDER** |
| Beryl J. Koenig, | ) |
| | ) |
| Movant. | ) |

This matter is before the court on Beryl J. Koenig's ("Koenig") motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Koenig's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 25, 2008, Koenig pled guilty pursuant to a plea agreement to one count of wire fraud. On November 25, 2008, the court sentenced Koenig to two years' probation. Judgment was entered on December 3, 2008. Koenig did not appeal her conviction and sentence. Koenig filed the instant § 2255 motion on March 16, 2010.[1] In her § 2255 motion, Koenig raises several direct challenges to her conviction and sentence and claims of ineffective assistance of counsel. (Koenig Mem. Supp. § 2255 Mot., generally.)

## II. DISCUSSION OF THE LAW

There is a one-year statute of limitations for filing a motion under § 2255, which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). An unappealed federal criminal judgment becomes final for purposes of § 2255 when the time for filing a direct appeal expires. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (finding that a defendant's conviction becomes "final on the date upon which he decline[s] to pursue further direct appellate review"); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). Under former Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, applicable when Koenig was sentenced, she had ten days to appeal her conviction and sentence after entry of judgment on December 3, 2008. Current Rule 4(b)(1)(A) provides that a defendant has 14 days to appeal a final judgment in a criminal case. Koenig did not appeal her conviction and sentence. The instant § 2255 motion was filed on March 16, 2010. As such, Koenig's motion is clearly time-barred under § 2255(f)(1).

In addition, Koenig's claims are time-barred under § 2255(f)(2). Koenig does not allege that any impediment created by the government prevented her from filing the instant motion. Further, there is no evidence of any impediment. As such, Koenig's claims are untimely under § 2255(f)(2). Further, § 2255(f)(3) does not apply. Finally, § 2255(f)(4) does not permit Koenig to bring an otherwise untimely motion as the facts supporting her claims were available to her

2

through the exercise of due diligence as of the date judgment was entered. Therefore, Koenig's § 2255 motion is time-barred.

Generally the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow her to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). However, the court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ." Hill, 277 F.3d at 707. Koenig states in her § 2255 motion that "any time limits alleged by the Government are suspended because of ineffective assistance of counsel in failing to provide proper advise and counsel to Defendant." (Koenig § 2255 Mot. 4.) In her § 2255 motion, Koenig alleges that her counsel was ineffective "[b]y failing to investigate the court's jurisdiction and the legal basis of Petitioner's indictment and conviction, by allowing the Petitioner to enter into a coerced plea, [b]y failing to obtain discovery from all agencies at the appropriate time during this case." (Id. 11.) "Ineffective assistance of counsel generally does not warrant equitable tolling." Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002); see also Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000). These claims are without merit. Further, irrespective of the merits of her ineffective assistance of counsel claims, this in no way affected Koenig's ability to file a timely § 2255 motion. Based on the foregoing, there is nothing in the record that warrants application of the doctrine of equitable tolling to relieve Koenig from the one-year statute of limitations otherwise applicable to the filing of a § 2255 motion. This is not

3

one of "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the one-year time limitation of Section 2255." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

It is therefore

**ORDERED** that Koenig's § 2255 motion is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Koenig has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                   s/Henry M. Herlong, Jr.
                                                   Senior United States District Judge

Greenville, South Carolina
April 12, 2010

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that she has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.